IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| John W. McQueen, | : | |
| Plaintiff | : | Civil Action 2:11-cv-082 |
| v. | : | Judge Graham |
| Eric S. Brown, et al., | : | Magistrate Judge Abel |
| Defendants. | : | |

OPINION AND ORDER

Plaintiff John McQueen is currently incarcerated in the London Correctional Institution.  He has brought this action against former Ohio Supreme Court Chief Justice Eric S. Brown ("Brown") and Assistant Disciplinary Counsel Amy C. Stone ("Brown").  Plaintiff alleges that, on August 4, 2010, he filed with Brown a petition for writ of procedendo, stating that the Tenth District Court of Appeals had erred in affirming his conviction on appeal.  After the Ohio Supreme Court dismissed his action, he filed a complaint with Stone.  This the Office of Disciplinary Counsel dismissed.  Plaintiff claims, in this action, that Brown and Stone "worked in active concert and participation to deny Plaintiff rights secured by State and Federal Constitutions."  (Doc. 3 at 6.)

Upon initial screening pursuant to 28 U.S.C. §1915A, the Magistrate Judge concluded that Plaintiff's action was barred for several reasons: that an action, such as this one, under 42 U.S.C. §1983 alleging violations of civil rights is not a

1

substitute for a petition for writ of habeas corpus; that both defendants are entitled to judicial immunity; and that this court is without jurisdiction to review a decision of the Ohio state courts.  Accordingly, he recommended that the Court dismiss this action for failure to state a claim upon which relief can be granted.

Plaintiff subsequently filed objections to the Report and Recommendation. He disputes the Magistrate Judge's contention that his sole federal remedy is habeas corpus, asserting that he has successfully alleged a violation of a federally protected right and so therefore can maintain an action under 42 U.S.C. §1983.  In addition, he states that Defendants are not entitled to immunity because he is suing them in their individual capacities.

The Magistrate Judge, however, is correct. Plaintiff has alleged that the Tenth District Court of Appeals committed errors of law in affirming his conviction, and that Brown and Stone conspired to deny him due process of law by failing to force the appellate court to follow the correct law.  However, the United States Supreme Court has held that, wherever a prisoner asserts that he is wrongfully imprisoned, and seeks a federal court determination which would have the result of undermining or challenging his criminal conviction, his sole federal remedy is through habeas corpus.  Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).  This is true even if the prisoner phrases his lawsuit in terms of deprivation of due process of law or equal protection under the law.  Lawsuits to challenge a prisoner's conviction cannot be brought under §1983.  Heck v. Humphrey, 512 U.S. 477, 487 (1994).

Plaintiff is also incorrect that Brown and Stone are not immune from suit

because he is suing them in their individual capacities. "For centuries, the cloak of absolute judicial immunity has shielded judges from claims pertaining to actions they have taken in discharging their official duties." Barrett v. Harrington, 130 F.3d 246, 254 (6th Cir. 1997). Absolute immunity protects judges and other judicial employees when they engage in "paradigmatic judicial acts, or acts of actual adjudication, i.e., acts involved in resolving disputes between parties who have invoked the jurisdiction of the court." Id. at 254. Plaintiff alleges that Brown wrongly entered an order dismissing his petition. Therefore, his claim concerns Brown's judicial decision. Absolute judicial immunity must bar this claim. Id. at 254-55. Likewise, judicial immunity extends to Stone, because it covers non-judicial officers who perform "quasi-judicial" duties. Bush v. Rauch, 38 F.3d 842, 847 (6th Cir. 1994). Quasi-judicial duties are those of persons performing tasks at the request of a judge in order to permit the court to exercise its official duties. Johns v. Bonnyman, 109 Fed.Appx. 19, 21 (6th Cir. 2004). An assistant disciplinary counsel, who is charged by the Ohio Supreme Court with assisting in the regulation of attorneys, is such a person. Furthermore, all of Plaintiff's allegations concern acts by Brown and Stone in the course of their official duties.

Accordingly, the Court ADOPTS the Report and Recommendation (Doc. 4), and DISMISSES this action pursuant to 28 U.S.C. §1915A for failure to state a claim upon which relief can be granted.

It is so ORDERED.

                                                s/ James L. Graham
                                                JAMES L. GRAHAM
                                                United States District Judge

DATE: March 9, 2011